# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Benjamin Lam | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Portfolio Recovery Associates, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 2711 Centerville Road, Suite 400 | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2.      Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by misrepresenting the amount of the debt owed by Plaintiff Benjamin Lam and by collecting more on a debt than Mr. Lam legally owed.

### JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4.      Plaintiff Benjamin Lam is a natural person who resides in Fayette County, Ky.  Mr. Lam is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.      Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6.      PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15

U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

7.     On April 15, 2014, PRA filed suit against Mr. Lam in the Fayette District Court of Fayette County, Kentucky under case number 14-C-07735 in an attempt to collect a charged off credit card debt originated by GE Capital Retail Bank as a Paypal-branded charge card.

8.     The Paypal charge card debt was incurred for personal, family, or household purposes, which makes the Paypal charge card debt a "debt" within the meaning of the FDCPA.

9.     The complaint provides in pertinent part:

DEFENDANT

### COMPLAINT

* * * * * * * * * *

Comes the Plaintiff by counsel, and for its cause of action against the Defendant  states as follows:

1.     At the specific instance and request of the Defendant, a credit account was issued to Defendant with respect to account number ************7153.

2.     PORTFOLIO RECOVERY ASSOCIATES, LLC purchased this account on July 22, 2013 from the original credit grantor referenced on the affidavit attached hereto.

3.     Defendant has failed to pay the Plaintiff the remaining balance of its account in the sum of $2,479.22. A copy of the Statement of Account is attached hereto as if fully copied herein and marked as Exhibit "A".
WHEREFORE, Plaintiff respectfully demands Judgment as follows:

1.     For the sum of $2,479.22, net of any credits;

2.     Costs expended herein;

3.     Any and all other relief to which the Plaintiff may appear entitled;

4.     Plaintiff hereby waives pre and post-judgment interest.

10.     A true and accurate copy of PRA's state-court complaint is attached as Exhibit "A."

11.     PRA moved for and was awarded a default judgment against Mr. Lam on December 29, 2014.

12.     A true and accurate copy of the default judgment is attached as Exhibit "B."

13.     The Default Judgment provides in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff, Portfolio Recovery
>
> Associates, LLC, recover from the Defendant, BENJAMIN LAM, the sum of $2,479.22, until the
>
> judgment is satisfied, together with costs herein expended. No pre or post-judgment interest is
>
> being requested by the Plaintiff.

14.     While the Default Judgment awards PRA its "costs herein expended," no amount of court costs is included or set forth in the default judgment.

15.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

16.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

17.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

18.     PRA did not file a bill of costs in the state court action.

19.     PRA did not serve a bill of costs on Mr. Lam.

20.     There is no supplemental judgment entered in the Fayette District Court case awarding PRA costs.

21.     On or about August 22, 2016, served a wage garnishment on Mr. Lam's employer.

22.     A true and accurate copy of the August 22nd Wage Garnishment is attached as Exhibit "C."

23.     The Wage Garnishment provides in pertinent part:

| | |
|---|---|
| **TO JUDGMENT DEBTOR:** BENJAMIN LAM | **JUDGMENT CREDITOR:   PORTFOLIO RECOVERY ASSOCIATES, LLC** |
| | **Amount Due:**  $2,489.22 |
| | **Probable Court Costs:** |
| **TO THE GARNISHEE (EMPLOYER) NAMED BELOW:** You are hereby (1) restrained from paying to the Judgment Debtor or to anyone for him/her, money, property or other evidence of debt in your possession belonging to him/her or in which he/she has any interest; and (2) ordered to continuously withhold and safely remit to the creditor's attorney or to the Circuit Clerk (if there is no creditor's attorney) each pay period the non-exempt property of the Judgment Debtor withheld for that pay period until the amount due shown above plus interest and costs are paid in full, (or for only the succeeding pay periods _____). | **Judgment Date:**  December 29, 2014 |
| | **Creditor's Attorney:**  V. Beth Albright, KY Bar #89898 |
| | Kelly L. Williams, KY Bar #94694 |
| | Matthew Kunkle, KY Bar #91783 |
| | 120 Corporate Blvd |
| | Norfolk, VA 23502 |
| | 866/428-8102 |
| | Option 2 for Court Personnel |

SEE REVERSE OF THIS ORDER FOR ADDITIONAL REQUIREMENTS AND INSTRUCTIONS.

Vincent Riggs     Circuit Clerk, by: _____     D.C. 8-22-16     (Date)

24.     Upon information and belief, the "Amount Due" of $2,489.22 includes self-awarded costs or fees that PRA has no legal right to recover from Mr. Lam.

25.     After PRA served the wage garnishment, Mr. Lam contacted PRA by telephone and spoke to a person named "Angela."

26.     Angela told Mr. Lam that when PRA acquired the Paypal debt, the balance due was $2,479.22 but the current amount due was $2,622.72, or $143.50 more than the amount claimed due in PRA's complaint and awarded to PRA in the Default Judgment.

27.     Angela did not and could not explain what the additional $143.50 charge was for.

28.     PRA has and had no legal right to collect the additional $143.50 from Mr. Lam as represented by Angela.

29.     PRA violated the FDCPA by misrepresenting the amount of the Paypal debt and by collecting and attempting to collect additional fees and costs from Mr. Lam that it had no legal right to collect from him.

### CLAIMS FOR RELIEF

30.     The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Lam requests that the Court grant him the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

5.      Such other relief as may be just and proper.


                        Respectfully submitted,

                        /s/ James H. Lawson
                        **James H. Lawson**
                        *Lawson at Law, PLLC*
                        115 S. Sherrin Ave.
                        Suite 4
                        Louisville, KY 40207
                        Tel:    (502) 473-6525
                        Fax:    (502) 473-6561
                        james@kyconsumerlaw.com